■  HENRY BEHR, JR., Appellant-Respondent, v BILLIE BEHR, Respondent-Appellant.—In an action in which the plaintiff husband was granted a divorce by a judgment of the Supreme Court, Queens County, dated June 4, 1976, he appeals from so much of the judgment as awarded defendant a counsel fee of $7,500 and the defendant cross-appeals, on the ground of inadequacy, from the same portion of the said judgment. Judgment affirmed insofar as appealed from, with costs to defendant. In our opinion, Special Term did not abuse its discretion in directing the plaintiff to pay a counsel fee or in establishing the amount of the said fee. Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■  ALBERT V. BIANCO, Respondent, v HAROLD DOUGHERTY, Appellant.—In an action to declare a deed a mortgage, defendant appeals from an order of the Supreme Court, Nassau County, dated August 12, 1975, which (1) denied his motion to vacate an interlocutory judgment of the same court, dated October 31, 1968, and (2) granted plaintiff's cross motion to the extent of compelling him to file a verified account. Order affirmed, with $50 costs and disbursements. The prior determination of defendant's motion to vacate the interlocutory judgment constitutes *res judicata* and bars the instant motion (see *Metropolitan Distrs. v Hyndsman,* 201 Misc 1045, affd 279 App Div 786). Both of the defendant's motions were made pursuant to CPLR 5015. CPLR 5015 (subd [a], par 3), which provides that "fraud, misrepresentation, or other misconduct of an adverse party" is a ground for relief from an order or judgment, can be construed to include the ground of laches (see CPLR 104; *Bardach v Mayfair-Flushing Corp.,* 49 Misc 2d 380, affd 26 AD2d 620). This ground was no less apparent at the time of the making of defendant's first motion than at the time of the making of his second motion. Latham, Acting P. J. Margett, Rabin, Titone and Hawkins, JJ., concur.

■  JOHN M. BISSACCIA et al., Appellants, v CHARLES AKNIN, Respondent. —In a defamation action, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County, entered December 24, 1975, as, upon reargument, adhered to its original determination, i.e., an order of the same court, entered November 14, 1975, which granted defendant's motion, made pursuant to CPLR 3012 (subd [b]), to dismiss the action for failure to serve a complaint. Order reversed insofar as appealed from, in the exercise of discretion and in the interest of justice, without costs or disbursements, on condition that plaintiffs' attorneys personally pay the sum of $100 to defendant within 20 days after entry of the order to be made hereon; in the event such condition is not complied with, order affirmed insofar as appealed from, with $50 costs and disbursements. The attorneys' neglect or alleged inability to locate their client until the defendant's motion papers were served, should not deprive their clients of their day in court. It is proper in such a case to save the action for the client, while imposing upon the attorneys, personally, a penalty for their neglect (see *Cichorek v Cosgrove,* 47 AD2d 883; *Moran v Rynar,* 39 AD2d 718). Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.