■ NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent, v OLUFEMI C. ADENIYI, Appellant. [898 NYS2d 377]—

McCarthy, J. Appeal from an order of the Supreme Court (Platkin, J.), entered April 23, 2009 in Albany County, which denied defendant's motion to vacate a default judgment entered against him.

To obtain financial support for his education at Bronx Community College in the spring semester of 1986, defendant applied for a grant from the New York State Tuition Assistance Program. Based partly on his inaccurate representation on the application that he was a United States citizen eligible for such a grant (see Education Law § 661 [3]), defendant received financial assistance awards for that semester and for five subsequent school terms. Upon learning that defendant did not satisfy the citizenship requirements of the Tuition Assistance Program, plaintiff sent defendant notices informing him of his ineligibility and requesting that he refund the awards. Defendant failed to remit payment in response to those requests, nor in response to a collection letter from the Office of the Attorney General delivered in 1992. Consequently, in 1993, plaintiff commenced an action against defendant in Supreme Court seeking repayment. Defendant failed to appear in that action and a default judgment was entered against him in May of that year.

In August 2000, defendant moved to vacate the default judgment. Supreme Court (Keegan, J.) denied the motion after concluding that there was no factual support for defendant's self-serving allegations that he had not been served with a summons and that he was entitled to the grant. Defendant did not appeal from that order. Rather, in December 2008, by order to show cause, defendant again moved to vacate the default judgment on the basis that he had never been served. Citing principles of collateral estoppel, Supreme Court (Platkin, J.) denied the motion. Defendant appeals.

We affirm. "The doctrine of collateral estoppel precludes a party from relitigating 'an issue which has previously been decided against [the party] in a proceeding in which [the party] had a fair opportunity to fully litigate the point' " (Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985], quoting Gilberg v Barbieri, 53 NY2d 285, 291 [1981]; see Stuzin v Pizza Hut, 241 AD2d 647, 647-648 [1997]). Here, in 2008, defendant moved to vacate the default judgment on the identical grounds found unpersuasive by Supreme Court when it considered his motion

in 2000. Accordingly, Supreme Court properly denied the instant motion (*see Matter of Interboro Inst. v New York State Higher Educ. Servs. Corp.*, 256 AD2d 1003, 1005 [1998], *lv denied* 93 NY2d 808 [1999]).

Mercure, J.P., Peters, Rose and Stein, JJ., concur. Ordered that the order is affirmed, without costs.