■ 47 Thames Realty, LLC, Appellant, v Ellen Robinson et al., Respondents. [925 NYS2d 585]—

In a consolidated action, inter alia, for ejectment and to recover damages for use and occupancy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated September 14, 2009, as denied its second motion pursuant to CPLR 5015 (a) (1) to

vacate an order of the same court (Harkavy, J.), dated February 6, 2008, dismissing the complaint upon the plaintiff's failure to appear at a compliance conference and to restore the action to the conference calendar, and granted that branch of the defendants' cross motion pursuant to 22 NYCRR 130-1.1 which was for an award of sanctions to the extent of awarding $20,325.65 as an attorney's fee and costs, and the defendants cross-appeal from so much of the order dated September 14, 2009, as denied that branch of their cross motion which was pursuant to Real Property Law § 234 for an award of an attorney's fee and costs.

Ordered that the cross appeal is dismissed, as abandoned; and, it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff failed to appear at a compliance conference, resulting in an order on default dismissing the complaint. The plaintiff moved to vacate its default under CPLR 5015 (a) (1), citing law office failure as its reasonable excuse. However, it did not provide an affidavit of merit. The Supreme Court denied the plaintiff's motion, and this Court affirmed (see 47 Thames Realty, LLC v Robinson, 61 AD3d 923 [2009]). Thereafter, the plaintiff again moved to vacate its default pursuant to CPLR 5015 (a) (1), citing a similar excuse of law office failure while providing an affidavit of merit. The Supreme Court denied the motion and granted that branch of the defendants' cross motion pursuant to 22 NYCRR 130-1.1 which was for an award of an attorney's fee and costs based on the plaintiff's frivolous conduct in bringing a second motion to vacate its default on the same ground.

Contrary to the plaintiff's contention, it was precluded from making a motion to vacate its default on the same ground as its prior motion (see New York State Higher Educ. Servs. Corp. v Adeniyi, 72 AD3d 1387 [2010]; Robert Marini Bldr. v Rao, 263 AD2d 846, 848 [1999]; Peck v Ernst Bros., 86 AD2d 692 [1982]; Bianco v Dougherty, 54 AD2d 681 [1976]; Glendora v Mastrorilli, 14 Misc 3d 87, 88 [2006]). The plaintiff's contention that the Supreme Court should have treated its motion as one for leave to renew is belied by the plaintiff's own reply papers that explicitly stated that its motion was not one for leave to renew.

The Supreme Court providently exercised its discretion in awarding an attorney's fee and costs for the plaintiff's frivolous conduct in bringing a second motion to vacate after the plaintiff's first motion had been denied, the order denying the motion was affirmed by this Court, and the plaintiff explicitly

stated its second motion was not one for leave to renew or reargue (*see Mascia v Maresco*, 39 AD3d 504, 505 [2007]). The amount awarded as an attorney's fee and costs was reasonable (*see* 22 NYCRR 130-1.1). Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.