# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1168**

**CA 11-00033**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF JEFFREY THRALL,
PETITIONER-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

CNY CENTRO, INC. AND CENTRAL NEW YORK REGIONAL
TRANSPORTATION AUTHORITY, RESPONDENTS-APPELLANTS.
(APPEAL NO. 1.)

---

FERRARA, FIORENZA, LARRISON, BARRETT & REITZ, P.C., EAST SYRACUSE
(CRAIG M. ATLAS OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

ROBERT LOUIS RILEY, SYRACUSE, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered November 9, 2009 in a proceeding pursuant to CPLR article 78. The order, inter alia, granted in part petitioner's motion to vacate a prior judgment, which dismissed the amended petition.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and dismissing the amended petition, and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondents, his former employers, denying his application for disability pension benefits, and in appeal No. 1 respondents appeal from an order that, inter alia, granted in part petitioner's motion pursuant to CPLR 5015 (a) (3) seeking to vacate the judgment dismissing his amended petition. By way of background, we note that Amalgamated Transit Union Local 580 (Union), which represented petitioner, initially filed a grievance on petitioner's behalf under the collective bargaining agreement (CBA) between the Union and respondents based on the denial of the application. The grievance was submitted to a Grievance Review Board formed pursuant to section 2.07 (b) of the CBA. After respondents advised the Union that the grievance was dismissed based upon the Grievance Review Board's vote, petitioner commenced this proceeding. Supreme Court (Roy, J.) dismissed the amended petition on the merits and, on a prior appeal, this Court, inter alia, affirmed the judgment dismissing the amended petition (*Matter of Thrall v CNY Centro, Inc.*, 17 AD3d 1026).

In appeal No. 1, we conclude that Supreme Court (Murphy, J.) erred in granting in part petitioner's motion seeking to vacate the judgment pursuant to CPLR 5015 (a) (3) inasmuch as the instant motion is barred by res judicata (*see Jericho Group Ltd. v Midtown Dev., L.P.*, 67 AD3d 431, *lv denied* 14 NY3d 712). Petitioner twice moved unsuccessfully for leave to renew with respect to the dismissal of his amended petition, and in each instance his appeals from the orders denying his respective motions were deemed abandoned and dismissed based upon his failure to perfect the appeals in a timely fashion (*see* 22 NYCRR 1000.12 [b]; *Williams v Williams*, 52 AD3d 1271). The ground on which petitioner now relies in seeking vacatur was "no less apparent at the time of the making of the . . . motion[s]" seeking leave to renew than at the time of the instant motion (*Bianco v Dougherty*, 54 AD2d 681). In any event, on the merits, we conclude that petitioner failed to substantiate his allegations of fraud sufficiently to warrant vacatur of the judgment (*see Miller v Lanzisera*, 273 AD2d 866, 868, *appeal dismissed* 95 NY2d 887, *rearg denied* 96 NY2d 731). We therefore deny the motion in its entirety and dismiss the amended petition in appeal No. 1. Respondents have raised no issue with respect to that part of the order denying their cross motion, and they therefore are deemed to have abandoned any issues with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

In appeal No. 2, respondents appeal from those parts of an order and judgment that, inter alia, annulled the determination. In view of our decision in appeal No. 1, we dismiss as moot the appeal from the order and judgment in appeal No. 2 (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). In addition, "in order to prevent [the order and] judgment which is unreviewable for mootness from spawning any legal consequences or precedent" (*id*. at 718; *see Matter of Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809, 811), we also vacate that order and judgment (*see Funderburke*, 49 AD3d at 811).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court