In an action, inter alia, to recover damages for breach of a contract for the sale of real property and for specific performance of that contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 26, 2011, as denied his motion pursuant to CPLR 5015 (a) (3) to vacate a judgment of the same court entered April 25, 2007, upon his default in appearing or answering.
Ordered that the order is affirmed insofar as appealed from, with costs.
The defendant previously moved pursuant to CPLR 5015 (a) (1) to vacate the judgment entered upon his default in this action, in which the plaintiff was awarded the principal sum of $844,700. The Supreme Court granted the defendant’s motion, and, upon reargument, adhered to that determination. However, on appeal, this Court reversed, and denied the defendant’s motion to vacate the judgment (see Lambert v Schreiber, 69 AD3d 904 [2010]). Thereafter, the defendant again moved, this time pursuant to CPLR 5015 (a) (3), to vacate the judgment. The defendant argued, inter alia, that the plaintiff had misrepresented *1283 the amount of damages to which the plaintiff was entitled, and that the default judgment should consequently be vacated upon the ground of misrepresentation and in the interest of justice. The Supreme Court denied the motion.
Although a court has the inherent discretionary power to vacate a default judgment (see Rukeyser v Richardson, 43 AD3d 815 [2007]), under the circumstances of this case we decline to exercise that power. Nearly five years ago, when the defendant first moved to vacate the judgment entered upon his default, he had the opportunity to challenge the propriety of damages awarded on the basis of the plaintiffs alleged misrepresentations. Indeed, “[t]his ground was no less apparent at the time of the making of [the] defendant’s first motion than at the time of the making of his second motion” (Bianco v Dougherty, 54 AD2d 681, 681 [1976]; see Matter of Thrall v CNY Centro, Inc., 89 AD3d 1449, 1450 [2011]; Peck v Ernst Bros., 86 AD2d 692 [1982]). Since the defendant failed to raise that ground as a basis for vacating the judgment on his prior motion, the Supreme Court did not improvidently exercise its discretion in denying the defendant’s instant motion pursuant to CPLR 5015 (a) (3) to vacate the judgment. Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.