In a proceeding pursuant to Family Court Act article 5, the father appeals from an order of the Family Court, Suffolk County (Budd, J.), dated August 23, 2012, which, in effect, denied his motion, inter alia, to vacate an order of filiation of the same court (J. Doyle, J.), dated October 13, 1992, adjudging him to be the father of the subject child.
Ordered that the order is affirmed, with one bill of costs payable to the respondents.
In April 2009, the petitioner moved to vacate an order of filiation entered in 1992 upon his failure to appear for a blood test he had requested. The Family Court denied that motion and the petitioner did not appeal. Thereafter, in 2012, the petitioner filed the instant motion, inter alia, to vacate the 1992 order of filiation. Contrary to the petitioner’s contentions, the Family Court did not err by, in effect, denying the instant motion.
Initially, the petitioner is precluded from making a second motion to vacate on the same grounds as were raised in his prior motion (see Viva Dev. Corp. v United Humanitarian Relief Fund, 108 AD3d 619, 620 [2013]; JMP Pizza, LLC v 34th St. Pizza, LLC, 104 AD3d 648 [2013]; 47 Thames Realty, LLC v Robinson, 85 AD3d 851 [2011]; Bianco v Dougherty, 54 AD2d 681 [1976]). Moreover, to the extent that the petitioner asserted that the 1992 order of filiation should be vacated on the ground of newly discovered evidence, he failed to establish that the evidence he relied on could not have been timely discovered through the exercise of due diligence (see CPLR 5015 [a] [2]; Matter of Jose F.R. v Reina C.A., 46 AD3d 564, 565 [2007]; Matter of Vernon J. v Sandra M., 36 AD3d 912 [2007]; see generally Matter of State Farm Ins. Co. v Colangelo, 44 AD3d 868 [2007]; Roslyn Sav. Bank v Kline, 17 AD3d 441 [2005]). Indeed, as the Family Court properly noted, such evidence “could have been discovered nearly twenty years ago.”
The petitioner’s remaining contentions are without merit. Dillon, J.E, Sgroi, Cohen and Miller, JJ., concur.