*669 In an action to foreclose a mortgage, the defendant Cleveland Brown appeals from (1) an order of the Supreme Court, Queens County (Kitzes, J.), entered December 19, 2011, which denied his motion, inter alia, to vacate an order of the same court entered June 30, 2009, granting the plaintiffs unopposed motion for summary judgment on the complaint and a judgment of foreclosure and sale of the same court entered September 30, 2010, (2) a decision of the same court dated May 7, 2012, and (3) an order and judgment (one paper) of the same court entered July 24, 2012, which granted the plaintiffs motion to confirm a referee’s report of the sale, to fix the fair market value of the subject property at the time of the sale at the sum of $550,000, and for leave to enter a deficiency judgment in the principal sum of $611,198.69, denied his cross motion, inter alia, to vacate the foreclosure sale, and is in favor of the plaintiff and against him in the total sum of $648,317.49.
Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the order entered December 19, 2011, is affirmed, without costs or disbursements; and it is further,
Ordered that the order and judgment is modified, on the law, by deleting (1) the provisions thereof granting those branches of the plaintiffs motion which were to fix the fair market value of the subject property at the time of the sale at the sum of $550,000 and for leave to enter a deficiency judgment in the principal sum of $611,198.69, and (2) the third, fourth, and fifth decretal paragraphs thereof, which, inter alia, awarded the plaintiff a deficiency judgment in the total sum of $648,317.49; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
In this mortgage foreclosure action, the plaintiff moved for summary judgment on the complaint, and the defendant Cleveland Brown (hereinafter the appellant) defaulted on the motion. In an order entered June 30, 2009, the Supreme Court granted the plaintiffs motion. The appellant moved to vacate his default, and his motion was denied in an order entered May 10, 2010, from which no appeal was taken. On September 30, 2010, the Supreme Court, upon the order entered June 30, 2009, entered a judgment of foreclosure and sale. The appellant made several subsequent motions to vacate his default, to vacate the order entered June 30, 2009, and to vacate the judgment of *670 foreclosure and sale, all of which were denied. In the order appealed from, entered December 19, 2011, the Supreme Court properly denied yet another motion by the appellant to vacate the order entered June 30, 2009, and the default judgment of foreclosure and sale, since the motion was premised on grounds asserted in his prior motions to vacate his default that had been previously denied by the court in orders from which he took no appeal (see Viva Dev. Corp. v United Humanitarian Relief Fund, 108 AD3d 619, 620 [2013]; Discover Bank v Qader, 105 AD3d 892, 892 [2013]; JMP Pizza, LLC v 34th St. Pizza, LLC, 104 AD3d 648, 648 [2013]; 47 Thames Realty, LLC v Robinson, 85 AD3d 851, 852 [2011]; Robert Marini Bldr. v Rao, 263 AD2d 846, 848 [1999]), or premised on grounds that were apparent at the time that the appellant made the prior motions, but had not been asserted in those prior motions (see Lambert v Schreiber, 95 AD3d 1282, 1283 [2012]). Accordingly, the order entered December 19, 2011, must be affirmed.
However, those branches of the plaintiffs motion which were to fix the fair market value of the subject property at the time of the sale at the sum of $550,000, and for leave to enter a deficiency judgment in the principal sum of $611,198.69, should not have been granted, since the plaintiff failed to establish that it was entitled to that relief. RPAPL 1371 (2) permits a mortgage lender to enter a deficiency judgment for the amount owed “less the market value as determined by the court or the sale price of the property whichever shall be the higher.” “The mortgagee has the initial burden to make a prima facie showing of the fair market value of the property as of the foreclosure sale date” (Flushing Sav. Bank, FSB v Bitar, 106 AD3d 690, 691 [2013] [internal quotation marks omitted]). An affidavit by a “licensed real estate appraiser setting forth his [or her] opinion as to the fair market value of the premises on the date of the foreclosure sale, and stating in conclusory fashion that his [or her] opinion was based upon his [or her] personal inspection of the subject premises, examination of the neighborhood, a review of sales and rentals of comparable properties, and general economic trends and expenses data,” without describing the subject premises or appending evidence of comparable sales and market date, is not sufficient (id.). In the instant case, the plaintiff relied upon such a conclusory affidavit, two exterior photographs of the front and side of the subject premises, and information purportedly indicating the average sale price of properties in the relevant zip code area, without explaining how those average prices related to the appraiser’s conclusion that the fair market value of the subject property on the date of the foreclosure sale was $550,000. The plaintiff’s submission was, thus, *671 insufficient to meet its burden of establishing that it was entitled to a deficiency judgment.
The appellant’s remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the matter must be remitted to the Supreme Court, Queens County, for further proceedings on those branches of the plaintiff’s motion which were to fix the fair market value of the subject property at the time of the sale and for leave to enter a deficiency judgment against the appellant, which proceedings shall include the submission by the plaintiff of proof in admissible form describing the subject premises and comparable sales and market data. Angiolillo, J.R, Dickerson, Austin and Hinds-Radix, JJ., concur.