■ In the Matter of SHARON GRAHAM, Respondent, v KEITH PURDY, Appellant. [52 NYS3d 906]—Appeal by the father from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered July 7, 2016. The order denied the father's objections to an order of that court (Carol Ann Jordan, S.M.) entered March 15, 2016, which denied his motion to vacate an order of filiation and an order of support entered against him upon his failure to appear at a hearing.

Ordered that the order entered July 7, 2016, is affirmed, without costs or disbursements.

In August 2009, the mother filed a petition for paternity and child support, alleging that the appellant (hereinafter the father) is the father of her child. After the father failed to appear at a hearing on the petition in November 2009, the Family Court entered an order of filiation and an order of support against him on December 22, 2009. The father appeared in court for the first time in August 2011 to contest a second petition filed by the mother alleging violations of the order of support.

The father appeared in the Family Court numerous times after August 2011, including an appearance to contest a third petition filed by the mother alleging violations of the order of support, and on his own petition to modify that order. He first moved to vacate the order of filiation and the order of support in June 2013. The Support Magistrate denied his motion, and the father did not file objections. In July 2014, the father filed a second motion to vacate the order of support, and the Support Magistrate denied the motion. The father filed objections, and in an order dated November 18, 2014, the court denied his objections. The father did not file a notice of appeal from the November 18, 2014 order. In January 2016, the father filed a third motion to vacate the order of filiation and the order of support, in effect advancing the same contentions that he had raised in his prior two motions. In an order entered March 15, 2016, the Support Magistrate denied his third motion to vacate. The father filed objections to the Support Magistrate's order, and in an order entered July 7, 2016, the court denied the father's objections. In its order, the court noted that the father's most recent motion did not allege any new facts or circumstances, and that, were it to grant the father's objections, it would be "essentially and inappropriately reversing a decision of" the Family Court Judge who denied the father's objections to the denial of his second motion to vacate. The father appeals from the order denying his objections to the denial of his third motion to vacate.

The Family Court correctly denied the father's objections to the denial of his third motion to vacate his default, as parties are precluded from making subsequent motions to vacate on the same grounds as were raised in a prior motion (see Matter of Ricardo H. v Chante S., 111 AD3d 725, 725 [2013]; Viva Dev. Corp. v United Humanitarian Relief Fund, 108 AD3d 619, 620 [2013]).

The father's remaining contentions either need not be

reached in light of our determination or are improperly before us. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.