Robinson v 47 Thames Realty, LLC (2018 NY Slip Op 01209)





Robinson v 47 Thames Realty, LLC


2018 NY Slip Op 01209


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-02414
 (Index No. 17405/13)

[*1]Ellen Robinson, et al., respondents, 
v
47 Thames Realty, LLC, appellant.


Rosenberg & Estis, P.C., New York, NY (Dani Schwartz and Jeffrey Turkel of counsel), for appellant.
Stephen H. Palitz, New York, NY, and Bierman & Associates, New York, NY, for respondents (one brief filed).



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated February 18, 2015. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment on their cause of action to permanently enjoin the defendant, inter alia, from serving any notices of termination of the plaintiffs' tenancies or commencing or maintaining any actions or proceedings for recovery of possession or eviction of the plaintiffs from their respective apartments based on the ground that they are not tenants subject to and protected by the Rent Stabilization Law and Code, or asserting against the plaintiffs any action or proceeding based on grounds not authorized by the Rent Stabilization Law and Code.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2006, the defendant in this action, 47 Thames Realty, LLC (hereinafter the landlord), commenced actions for ejectment and for use and occupancy against four of its tenants, the plaintiffs in this action (hereinafter collectively the tenants). Those actions were consolidated into a single action, and in 2008, the Supreme Court dismissed that action after the landlord failed to appear at a compliance conference. The landlord moved to vacate the default pursuant to CPLR 5015(a)(1), citing law office failure, but did not provide an affidavit of merit. The Supreme Court
denied the landlord's motion, and this Court affirmed (see 47 Thames Realty, LLC v Robinson, 61 AD3d 923).
Thereafter, the landlord moved to restore the case to the calendar and to vacate its default pursuant to CPLR 5015(a)(1). The Supreme Court, inter alia, denied the motion, and this Court affirmed (see 47 Thames Realty, LLC v Robinson, 85 AD3d 851).
In 2013, the landlord served the tenants with 30-day notices of termination, and commenced holdover proceedings against them in the Housing Part of the Civil Court, Kings County (hereinafter the 2013 holdover proceedings). The tenants commenced this action in the Supreme Court, seeking, among other things, injunctive relief.
The Supreme Court removed the 2013 holdover proceedings from the Civil Court and joined them for trial with this action. The court subsequently granted that branch of the tenants' [*2]motion which was for summary judgment on their cause of action to permanently enjoin the landlord, inter alia, from serving any notices of termination of the tenants' tenancies or commencing or maintaining any actions or proceedings for recovery of possession or eviction of the tenants from their respective apartments based on the ground that they are not tenants subject to and protected by the Rent Stabilization Law and Code, or asserting against the tenants any action or proceeding based on grounds not authorized by the Rent Stabilization Law and Code. The landlord appeals.
The tenants established their prima facie entitlement to judgment as a matter of law on the cause of action seeking a permanent injunction (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) by submitting evidence which demonstrates that they are tenants in a building subject to the protection of the Rent Stabilization Law and Code (see Multiple Dwelling Law §§ 281[5]; 286[2][i]; Rent Stabilization Code § 2524.1[a]; see also Madeline D'Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606, 609). In opposition, the landlord failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557).
The landlord's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of the tenants' motion which was for summary judgment on their cause of action for a permanent injunction.
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court