U.S. Bank N.A. v Davis (2018 NY Slip Op 03166)





U.S. Bank N.A. v Davis


2018 NY Slip Op 03166


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-05495
 (Index No. 14546/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Yumeatris Davis, et al., appellants, et al., defendants.


The Law Offices of Ari Mor, Esq., P.C., New York, NY, for appellants.
Reed Smith LLP, New York, NY (Andrew B. Messite and Joseph B. Teig of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yumeatris Davis and Dhiala Davis appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered February 18, 2016. The order and judgment of foreclosure and sale granted the plaintiff's motion for a judgment of foreclosure and sale and, inter alia, directed the sale of the subject property. The appeal brings up for review so much of an order of the same court dated February 9, 2016, as denied the cross motion of the defendants Yumeatris Davis and Dhiala Davis to vacate a prior order of the same court dated November 24, 2014, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint and to dismiss the complaint insofar as asserted against them.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In July 2013, the plaintiff commenced this mortgage foreclosure action against, among others, the defendants Yumeatris Davis and Dhiala Davis (hereinafter together the defendants). The defendants interposed an answer asserting various affirmative defenses. In September 2014, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The Supreme Court granted the plaintiff's unopposed motion in an order dated November 24, 2014. On January 7, 2015, the defendants moved pursuant to CPLR 5015(a) to vacate the order dated November 24, 2014, and to dismiss the complaint insofar as asserted against them. In an order dated May 18, 2015, the court denied the defendants' motion, determining that they failed to offer a reasonable excuse for their default in opposing the plaintiff's motion or a potentially meritorious defense. The defendants did not take an appeal from the order dated May 18, 2015.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved, again, to vacate the order dated November 24, 2014, and to dismiss the complaint insofar as asserted against them. In an order dated February 9, 2016, the Supreme Court, inter alia, denied the defendants' cross motion. In an order and judgment of foreclosure and sale entered February 18, 2016, the court granted the plaintiff's motion and, inter alia, directed the sale of the property. The defendants appeal, arguing that the court erred in granting [*2]the plaintiff's motion for a judgment of foreclosure and sale and denying their cross motion to vacate the order dated November 24, 2014, and to dismiss the complaint insofar as asserted against them.
A party is precluded from moving to vacate his or her default on grounds asserted in a prior motion to vacate the default that, as here, had been previously denied in an order from which that party took no appeal, or on grounds that were apparent at the time that the party made the prior motion but were not asserted therein (see LaSalle Natl. Bank Assn. v Odato, 126 AD3d 675, 676; Eastern Sav. Bank, FSB v Brown, 112 AD3d 668, 670; Viva Dev. Corp. v United Humanitarian Relief Fund, 108 AD3d 619, 620; JMP Pizza, LLC v 34th St. Pizza, LLC, 104 AD3d 648; Lambert v Schreiber, 95 AD3d 1282, 1283). Accordingly, contrary to the defendants' contention, their cross motion to vacate their default in opposing the plaintiff's prior motion for summary judgment and to dismiss the complaint insofar as asserted against them was properly denied.
We decline the plaintiff's request, made in its brief, to award it additional costs associated with the preparation, service, and filing of its supplemental appendix.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court