World O World Corp. v Anoufrieva (2018 NY Slip Op 05075)





World O World Corp. v Anoufrieva


2018 NY Slip Op 05075


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-01918
 (Index No. 31302/09)

[*1]World O World Corporation, appellant, 
v
Dina Anoufrieva, et al., defendants, Igor Tsiganenko, respondent.


Leonard B. Sukherman & Associates, P.C., Brooklyn, NY (Gary E. Rosenberg of counsel), for appellant.
Robert Prignoli, Staten Island, NY, for respondent.



DECISION & ORDER
In an action to enforce a judgment entered in the State of Florida, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated December 6, 2016. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court (David I. Schmidt, J.) filed May 5, 2015, which granted the motion of the defendant Igor Tsiganenko, in effect, pursuant to CPLR 3211(a)(3) and Business Corporation Law § 1312(a) to dismiss the complaint insofar as asserted against him upon the plaintiff's failure to appear at oral argument, and to restore the action to the trial calendar.
ORDERED that the order dated December 6, 2016, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order filed May 5, 2015, and to restore the action to the trial calendar is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination, on the merits, of the motion of the defendant Igor Tsiganenko, in effect, pursuant to CPLR 3211(a)(3) and Business Corporation Law § 1312(a) to dismiss the complaint insofar as asserted against him.
The plaintiff commenced this action to recover on a default judgment entered in the State of Florida. The defendant Igor Tsiganenko moved, in effect, pursuant to CPLR 3211(a)(3) and Business Corporation Law § 1312(a) to dismiss the complaint insofar as asserted against him. By order filed May 5, 2015 (hereinafter the order), the Supreme Court granted Tsiganenko's motion upon the plaintiff's failure to appear at oral argument. The plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the order and to restore the action to the trial calendar. By order dated January 26, 2016, the court denied the plaintiff's motion "without prejudice." The plaintiff again moved pursuant to CPLR 5015(a)(1) to vacate the order, and to restore the action to the trial calendar. By order dated December 6, 2016, the court denied the motion. The plaintiff appeals, and we reverse.
To vacate the order, which was entered upon the plaintiff's failure to appear at oral argument on Tsiganenko's motion, the plaintiff was required to demonstrate a reasonable excuse for its default and a potentially meritorious opposition to Tsiganenko's motion (see Navarrete v Metro PCS, 137 AD3d 1230, 1231; Kramarenko v New York Community Hosp., 134 AD3d 770, 772). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to [*2]the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Young Su Hwangbo v Nastro, 153 AD3d 963, 965 [internal quotation marks and citations omitted]; see Fried v Jacob Holding, Inc., 110 AD3d 56, 60).
Here, the plaintiff's excuse that its attorney failed to appear at oral argument due to illness, which excuse was corroborated by medical documentation, was reasonable under the circumstances presented (see Weitzenberg v Nassau County Dept. of Recreation & Parks, 29 AD3d 683, 684-685; Norowitz v Ponconco, Inc., 96 AD2d 581, 582). In addition, the plaintiff demonstrated a potentially meritorious opposition to Tsiganenko's motion by submitting evidence tending to show that, contrary to Tsiganenko's contention, the plaintiff was authorized to do business in New York.
A party ordinarily is precluded from making a second motion to vacate a default on the same ground raised in a prior motion to vacate the default (see LaSalle Natl. Bank Assn. v Odato, 126 AD3d 675, 676; Eastern Sav. Bank, FSB v Brown, 112 AD3d 668, 670; Viva Dev. Corp. v United Humanitarian Relief Fund, 108 AD3d 619, 620; JMP Pizza, LLC v 34th St. Pizza, LLC, 104 AD3d 648; 47 Thames Realty, LLC v Robinson, 85 AD3d 851, 852). However, because the Supreme Court denied the plaintiff's first motion to vacate "without prejudice," the plaintiff was not precluded from making a second motion to vacate its default on the same grounds raised in its prior motion.
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order, and to restore the action to the trial calendar.
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court