A.G. Parker, Inc. v 246 Rochester Partners, LLC (2018 NY Slip Op 06711)





A.G. Parker, Inc. v 246 Rochester Partners, LLC


2018 NY Slip Op 06711


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07129
 (Index No. 21643/13)

[*1]A.G. Parker, Inc., appellant, 
v
246 Rochester Partners, LLC, respondent.


Daniel Sully (Cuddy & Feder LLP, White Plains, NY [Joshua E. Kimerling and Brendan P. Goodhouse], of counsel), for appellant.
Law Office of Allison M. Furman, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated May 3, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate a judgment of the same court dated March 19, 2014, entered upon its failure to appear or answer the complaint, and vacated an order of the same court dated November 9, 2016, denying the defendant's prior motion, inter alia, pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment.
ORDERED that the order dated May 3, 2017, is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment is denied, and the order dated November 9, 2016, is reinstated.
In December 2013, the plaintiff commenced this action against the defendant to recover damages for conversion. The defendant was served on December 23, 2013, by delivery of copies of the summons and complaint to the Secretary of State (see CPLR 311-a[a]; Limited Liability Company Law § 303[a]). Upon the defendant's failure to appear or answer the complaint, a judgment dated March 19, 2014, was entered in favor of the plaintiff and against the defendant in the principal sum of $322,885.52.
By order to show cause dated April 15, 2016, the defendant moved, inter alia,
pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment. The defendant's motion was denied in an order dated November 9, 2016, and no appeal was taken from that order. By order to show cause dated January 3, 2017, the defendant moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the judgment based on alleged misrepresentations contained in the complaint. In the order appealed from, the Supreme Court, among other things, granted that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment, and vacated its prior order dated November 9, 2016. The plaintiff appeals.
A party is precluded from moving to vacate its default on grounds asserted in a prior motion to vacate the default that had been previously denied in an order from which it took no appeal as well as on grounds that were apparent at the time that the party made the prior motion but were not asserted therein (see U.S. Bank N.A. v Davis, 161 AD3d 808; LaSalle Natl. Bank Assn. v Odato, 126 AD3d 675, 676; Eastern Sav. Bank, FSB v Brown, 112 AD3d 668, 670; Lambert v Schreiber, 95 AD3d 1282, 1283; Bianco v Dougherty, 54 AD2d 681).
The Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment, since that branch was premised on grounds that were apparent at the time that the defendant made the prior motion to vacate, but had not been asserted in that prior motion (see Eastern Sav. Bank, FSB v Brown, 112 AD3d at 670; Lambert v Schreiber, 95 AD3d at 1283; Bianco v Dougherty, 54 AD2d 681).
To the extent that the Supreme Court treated the defendant's second motion as one for leave to renew, the court should not have granted leave to renew and, upon renewal, granted that branch of the defendant's prior motion which was to vacate the judgment. Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Fardin v 61st Woodside Assoc., 125 AD3d 593, 595; Matter of O'Gorman v O'Gorman, 122 AD3d 744; Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 771). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; see Fardin v 61st Woodside Assoc., 125 AD3d at 595; Okumus v Living Room Steak House, Inc., 112 AD3d 799, 800; Sobin v Tylutki, 59 AD3d 701, 702). The Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (see Zelouf Intl. Corp. v. Rivercity, LLC, 123 AD3d 1116; Worrell v Parkway Estates, LLC, 43 AD3d at 437; Sobin v Tylutki, 59 AD3d at 702). Here, the defendant failed to proffer any justification for the failure to present the new facts on the original motion. Furthermore, the defendant failed to demonstrate that the new facts would have changed the prior determination (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143; Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612; New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012; Cruz v Keter Residence, LLC, 115 AD3d 700, 701; Sussman v Jo-Sta Realty Corp., 99 AD3d 787, 788).
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court