OPINION OF THE COURT
Joseph J. Dowd, J.
Plaintiff moves for entry of a default judgment pursuant to CPLR 3215. Defendant cross-moves to dismiss the complaint on the ground of lack of personal jurisdiction. The motion and cross motion are consolidated for purposes of disposition and determined as follows:
*959 Plaintiff commenced the instant “slip and fall” action by filing the summons and complaint in the Kings County Clerk’s Office on July 1, 1996. An affidavit of service submitted upon the instant motion reveals that defendant was served on July 8, 1996 by delivering the summons and complaint to the Secretary of State pursuant to Business Corporation Law § 307 pertaining to service of process upon a foreign corporation. Plaintiff now moves for entry of a default judgment pursuant to CPLR 3215 on the ground that defendant has failed to timely answer. Defendant cross-moves for dismissal of the complaint due to lack of personal jurisdiction.
Plaintiffs motion for entry of a default is denied. In the first instance, the motion has not been timely made as more than one year has elapsed from the time of the default to the date the instant motion was made (see, CPLR 3215 [c]). In any event, defendant has submitted proof that it is a religious corporation. Section 2-b (3) of the Religious Corporations Law specifically provides that the General Corporation Law, much of which has been subsumed by the Business Corporation Law, does not apply to religious corporations. Moreover, although the Not-For-Profit Corporation Law is generally controlling with respect to religious corporations, section 304 of the Not-For-Profit Corporation Law authorizing service of process upon a domestic or authorized foreign corporation by serving the Secretary of State is not applicable to religious corporations (see, Religious Corporations Law § 2-b [1] [c]). Accordingly, service of the summons and complaint at bar by service upon the Secretary of State was not sufficient to confer jurisdiction over the defendant and, therefore, the motion for a default judgment is denied. The cross motion is granted and the complaint is dismissed.