■ ARTHUR KREUSI et al., Appellants, v CITY OF NEW YORK et al., Respondents, HERMAN MILLER, INC., Appellant, et al., Defendant. [836 NYS2d 281]—

In an action to recover damages for personal injuries based upon products liability, the defendant Herman Miller, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated December 7, 2005, as denied its motion for leave to renew its prior motion (1) for summary judgment dismissing the complaint insofar as asserted against it on the ground of spoliation of evidence, (2) for summary judgment on its cross claims for indemnification

as against the defendant City of New York on the ground of spoliation of evidence, and (3) pursuant to CPLR 3126 (3) to strike the pleadings, including the answer and all cross claims of the defendant City of New York, and the plaintiffs separately appeal from so much of the same order as denied their cross motion for summary judgment on the complaint insofar as asserted against the defendant City of New York and for the imposition of sanctions on the ground of spoliation of evidence.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Herman Miller, Inc., which was for leave to renew its prior motion, and substituting therefor a provision granting renewal, and upon renewal, adhering to the determinations in the order dated April 14, 1992, denying the prior motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In April 1987 the plaintiff Arthur Kreusi, who was a police inspector, allegedly was injured at work when the chair in which he was sitting suddenly collapsed. The defendant Herman Miller, Inc. (hereinafter HMI), designed and manufactured that chair.

After the accident, the defendant Police Department of the City of New York (hereinafter the NYPD) vouchered the chair. In addition, several fragments of the chair were recovered.

On or about June 8, 1988 Kreusi and his wife, who alleged that the chair was defectively designed and manufactured, and improperly assembled, commenced the instant action against HMI, as well as the defendant City of New York, seeking to recover damages for, inter alia, Kreusi's personal injuries. In their respective answers, HMI and the City set forth cross claims against each other, seeking contribution and indemnification.

Several years into the litigation, it was discovered that the chair had been destroyed a few months after commencement of the action. HMI, which contended that it could not properly defend itself without inspecting the chair, then moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, due to spoliation of evidence. In the resultant order, the Supreme Court denied HMI's motion. In support of its determination, the court found that under the circumstances, where pieces of the chair had been recovered, it was not clear how prejudiced HMI was as a result of the chair's destruction. HMI appealed from that order, and this Court affirmed (*see Kreusi v City of New York*, 202 AD2d 478 [1994]).

In February 2005 an "exemplar" chair of the same make and model as the subject chair was located. After examining the exemplar chair and the subject chair's fragments, HMI's expert

engineer, who found it impossible to reach an opinion as to what caused the subject chair to break, indicated that the subject chair's destruction "irreparably prejudiced" HMI. In contrast, the plaintiffs' expert engineer, who also examined the exemplar chair and the fragments, was able to opine that the subject chair broke because it was defectively designed and manufactured.

In June 2005 HMI moved for leave to renew its prior motion. In this regard, HMI, which noted that the exemplar chair had recently been produced and examined by its engineer, essentially argued that these "new facts" conclusively established that the subject chair's destruction rendered it unable to defend itself in the action. In response, the plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability against the City.

The Supreme Court denied HMI's motion and denied the plaintiffs' cross motion, which, the court noted, had been "expressly conditioned" on the court granting HMI's motion. These appeals ensued.

The Supreme Court should have granted HMI's motion for leave to renew its prior motion. The production of the exemplar chair, and HMI's expert engineer's inspection of that chair and resultant conclusions, constituted new facts not known or available to HMI at the time of the prior motion (*see* CPLR 2221 [e]; *Duffy v Kokolakis Contr.*, 278 AD2d 445, 446 [2000]).

However, in light of the parties' engineers' conflicting affidavits, the extent of prejudice that HMI might have suffered as a result of the subject chair's destruction cannot be determined at this stage of the proceedings. Under these circumstances, we find that upon renewal, HMI is still not entitled to the relief sought on the prior motion (*see* CPLR 2221 [e] [2]; *cf. Duffy v Kokolakis Contr., supra* at 446).

The parties' remaining contentions are without merit. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.