◼ JANE DIETRICH, Appellant, v PATRICIA R. GRANDSIRE et al., Respondents. [921 NYS2d 555]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered November 17, 2010, which denied her motion for summary judgment on the issue of liability, without prejudice to renewal "after sufficient discovery has been exchanged."

Ordered that the order is affirmed, with costs.

"Under CPLR 3212 (f), 'where facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant, summary judgment may be denied . . . . This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion' " (*Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006], quoting *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 792-793 [1988]; *see* CPLR 3212 [f]; *Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d 578 [2009]).

Here, the plaintiff moved for summary judgment on the issue

of liability prior to the parties' depositions. The defendants did not have an adequate opportunity to conduct discovery (*see Amico v Melville Volunteer Fire Co., Inc.*, 39 AD3d 784, 785 [2007]). Moreover, to the extent that the defendants allege that the plaintiff may be comparatively negligent, "facts essential to justify opposition to the motion are within the exclusive knowledge of the plaintiff and may be revealed through pretrial discovery" (*Barletta v Lewis*, 237 AD2d 238, 238 [1997]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability, without prejudice to renewal. Dillon, J.P., Florio, Balkin and Eng, JJ., concur.