◼ INDERJIT SINGH, Respondent, v AVIS RENT A CAR SYSTEM, INC., et al., Appellants. [989 NYS2d 302]—

In an action to recover damages for personal injuries, the de-

fendants appeal from (1) an order of the Supreme Court, Queens County (Siegal, J.), entered December 17, 2012, which granted the plaintiff's motion for summary judgment on the issue of liability, and (2) an order of the same court entered August 8, 2013, which denied their motion for leave to renew and reargue their opposition to the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order entered December 17, 2012, is affirmed; and it is further,

Ordered that the appeal from so much of the order entered August 8, 2013, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered August 8, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (*see Taing v Drewery*, 100 AD3d 740 [2012]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725 [2011]; *Nsiah-Ababio v Hunter*, 78 AD3d 672 [2010]; *Power v Hupart*, 260 AD2d 458 [1999]; *see also* Vehicle and Traffic Law § 1129 [a]). Drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (*see Maragos v Sakurai*, 92 AD3d 922, 923 [2012]; *Balducci v Velasquez*, 92 AD3d 626, 628 [2012]; *Filippazzo v Santiago*, 277 AD2d 419 [2000]). "A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Volpe v Limoncelli*, 74 AD3d 795, 795 [2010] [internal quotation marks omitted]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Martinez v Martinez*, 93 AD3d 767, 768 [2012]; *Giangrasso v Callahan*, 87 AD3d 521 [2011]; *Parra v Hughes*, 79 AD3d 1113 [2010]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *Staton v Ilic*, 69 AD3d 606 [2010]; *Lampkin v Chan*, 68 AD3d 727 [2009]; *Klopchin v Masri*, 45 AD3d 737, 737 [2007]).

In support of the plaintiff's motion for summary judgment on the issue of liability, the plaintiff relied upon his affidavit. In his affidavit, the plaintiff claimed that, at the time of the accident, he was stopped at a red light in the right lane of eastbound LaGuardia Road in Queens County. He further averred therein

that he was stopped for approximately 10 to 15 seconds in that lane when he was struck in the rear by the defendants' bus. This evidence established the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability (*see Williams v Spencer-Hall*, 113 AD3d 759 [2014]; *Sayyed v Murray*, 109 AD3d 464 [2013]; *Prosen v Mabella*, 107 AD3d 870 *Markesinis v Jaquez*, 106 AD3d 961 [2013]; *Cajas-Romero v Ward*, 106 AD3d 850 [2013]; *Ramos v TC Paratransit*, 96 AD3d 924, 926 [2012]; *Napolitano v Galletta*, 85 AD3d 881 [2011]; *Kastritsios v Marcello*, 84 AD3d 1174 [2011]), which required the defendants to come forward with evidence to rebut the inference of negligence by providing a nonnegligent explanation for the rear-end collision. In opposition, the defendants did not come forward with such evidence and, thus, failed to raise a triable issue of fact.

The defendants' contention that the plaintiff's motion should have been denied as premature pursuant to CPLR 3212 (f) is unpersuasive. CPLR 3212 (f) provides, in relevant part, that a court may deny a motion for summary judgment "[s]hould it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]; *see Jones v American Commerce Ins. Co.*, 92 AD3d 844 [2012]; *James v Aircraft Serv. Intl. Group*, 84 AD3d 1026, 1027 [2011]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006]). " 'This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion' " (*James v Aircraft Serv. Intl. Group*, 84 AD3d at 1027, quoting *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 793 [1988]; *see Jones v American Commerce Ins. Co.*, 92 AD3d at 845; *Bank of Am., N.A. v Hillside Cycles, Inc.*, 89 AD3d 653 [2011]; *Dietrich v Grandsire*, 83 AD3d 994 [2011]). A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant (*see* CPLR 3212 [f]; *Boorstein v 1261 48th St. Condominium*, 96 AD3d 703 [2012]; *Dietrich v Grandsire*, 83 AD3d 994 [2011]; *Trombetta v Cathone*, 59 AD3d 526 [2009]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Here, the defendants did not satisfy their burden of demonstrating that the plaintiff's motion for summary judgment was premature (*see Williams v Spencer-Hall*, 113 AD3d at 760). Accordingly, the Supreme Court

properly granted the plaintiff's motion for summary judgment on the issue of liability.

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in denying that branch of their motion which sought leave to renew their opposition to the plaintiff's motion for summary judgment on the issue of liability. "A motion for leave to renew is addressed to the sound discretion of the court" (*Matheus v Weiss*, 20 AD3d 454, 454-455 [2005]; *see Okumus v Living Room Steak House, Inc.*, 112 AD3d 799 [2013]). Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Okumus v Living Room Steak House, Inc.*, 112 AD3d at 799; *Bank of N.Y. Mellon v Izmirligil*, 88 AD3d 930, 932 [2011]; *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Worrell v Parkway Estates, LLC*, 43 AD3d at 437; *see Okumus v Living Room Steak House, Inc.*, 112 AD3d at 799; *Sobin v Tylutki*, 59 AD3d 701, 702 [2009]; *Renna v Gullo*, 19 AD3d 472, 473 [2005]). The Supreme Court correctly determined that the defendants, in support of that branch of their motion which was for leave to renew, did not set forth a reasonable justification for failing to submit the affidavit of the defendant Ozie Jackson, the driver of the defendants' bus at the time of the accident, in opposition to the plaintiff's prior motion (*see Forssell v Lerner*, 101 AD3d 807 [2012]; *Sajid v Glenwood Holding, LLC*, 68 AD3d 745 [2009]; *Ramirez v Khan*, 60 AD3d 748, 748 [2009]). Therefore, the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which sought leave to renew their opposition to the plaintiff's motion for summary judgment on the issue of liability. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.