■ In the Matter of SARAH O'GORMAN, Respondent, v JOHN O'GORMAN, Appellant. (Proceeding No. 1.) In the Matter of JOHN O'GORMAN, Appellant, v SARAH O'GORMAN, Respondent. (Proceeding No. 2.) [995 NYS2d 230]—

In related child support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Woods, J.), entered March 3, 2014, which denied his motion for leave to renew his objections to so much of an order of the same court (Krahulik, S.M.), dated August 1, 2013, as granted the mother's petition for an upward modification of his child support obligation, which were denied in an order entered October 29, 2013.

Ordered that the order entered March 3, 2014, is affirmed, with costs.

A motion for leave to renew, inter alia, "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). A motion for "renewal 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Rubinstein v Goldman*, 225 AD2d 328, 328-329 [1996], quoting *Matter of Weinberg*, 132 AD2d 190, 210 [1987]). Here, the Family Court providently exercised its discretion in denying

the father's motion for leave to renew, since the father failed to present "new facts" that were unavailable to him at the time of the hearing before the Support Magistrate or when he filed his written objections and, in any event, the "new facts" would not have changed the prior determination (*see Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]; *Giovanni v Moran*, 34 AD3d 733, 734 [2006]). Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.