■ Kazi Fardin, an Infant, by His Mother and Natural Guardian, Lina Babul, et al., Respondents, v 61st Woodside Associates et al., Appellants. [3 NYS3d 101]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered April 30, 2013, as denied their motion, in effect, for leave to reargue and renew their prior motion to vacate a judgment entered September 23, 2008, which, upon an order of the same court dated November 29, 2006, granting the plaintiffs' unopposed motion for leave to enter judgment against them on the issue of liability upon their failure to appear or answer the complaint, and after an inquest, was in favor of the plaintiffs and against them in the principal sum of $900,000.

Ordered that the appeal from so much of the order entered April 30, 2013, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered April 30, 2013, is affirmed insofar as reviewed, without costs or disbursements.

The plaintiffs were tenants in an apartment building located at 61-09 39th Avenue in Woodside, owned by the defendant 61st Woodside Associates and managed by the defendant Sarva Management Corporation (hereinafter together the defendants). In July 2006, after the infant plaintiff was found to have elevated blood lead levels, the plaintiffs commenced this action. An affidavit of service indicated that the defendant 61st Woodside Associates, a partnership, was served with the summons and complaint by delivery to Wilson Guerrero, the general agent of the partnership. A separate affidavit of service indicated that the defendant Sarva Management Corporation was served via delivery of the summons and complaint to an agent in the Office of the New York Secretary of State. The defendants failed to appear in the action, interpose an answer, or otherwise move with respect to the complaint. In an order dated November 29, 2006, the Supreme Court granted the plaintiffs' unopposed motion for a default judgment against the defendants. An inquest on damages was conducted on January 28, 2008, but no representative from either of the defendants was present. The Supreme Court awarded damages to the plaintiffs in the principal sum of $900,000. A judgment was entered on September 23, 2008, in favor of the plaintiffs and against the defendants in the principal sum of $900,000. In

October 2011, the defendants, inter alia, moved pursuant to CPLR 5015 (a) (4) to vacate the judgment, alleging that they had not been properly served with the summons and complaint. A hearing to determine the validity of service of process was held on September 28, 2012, at which the Supreme Court heard testimony from both process servers. Although the plaintiffs subpoenaed Wilson Guerrero and Ramesh Sarva, the defendants' principal, they failed to appear. In an order dated October 10, 2012, the Supreme Court, inter alia, determined that the plaintiffs had properly served the defendants with the summons and complaint and denied the defendants' motion to vacate the default judgment. Thereafter, the defendants moved, in effect, for leave to reargue and renew their prior motion. The plaintiffs opposed the motion. In an order entered April 30, 2013, the Supreme Court, inter alia, denied the defendants' motion.

" 'A motion for leave to renew is addressed to the sound discretion of the court' " (*Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 771 [2014], quoting *Matheus v Weiss*, 20 AD3d 454, 454-455 [2005]). CPLR 2221 provides that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Matter of O'Gorman v O'Gorman*, 122 AD3d 744 [2014]). However, a motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Coccia v Liotti*, 70 AD3d 747, 753 [2010] [internal quotation marks omitted]; *see Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 700-701 [2011]).

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in denying that branch of their motion which was for leave to renew their prior motion to vacate the default judgment entered September 23, 2008. In support of that branch of their motion, the defendants submitted an affidavit of Guerrero, which contained information that they did not submit in support of their original motion to vacate. However, the defendants failed to set forth a reasonable justification for not submitting this affidavit in support of their prior motion.

The defendants' remaining contentions either are without merit or are improperly raised for the first time on appeal. Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.