■ LEON MARASHAJ, Respondent, v HOWARD RUBIN et al., Appellants. [18 NYS3d 79]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated January 8, 2015, which denied their motion for leave to renew and reargue that branch of their prior motion which was pursuant to CPLR 3124 to compel the plaintiff to appear for a physical examination by Dr. Steven Sclafani, which had been denied in an order of the same court (Schneier, J.H.O.) dated May 20, 2014.

Ordered that the appeal from so much of the order dated January 8, 2015, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 8, 2015, is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the defendants' motion which was for leave to renew is granted, and, upon renewal, so much of the order dated May 20, 2014, as denied that branch of the defendants' motion which was to compel the plaintiff to appear for a physical examination by Dr. Steven Sclafani is vacated, and that branch of the motion is thereupon granted; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In 2011, the plaintiff allegedly sustained injuries to his neck, shoulders, and left knee as a result of an accident which occurred on premises owned by the defendants. In October 2013, the defendants scheduled orthopedic examinations of the plaintiff to be conducted by Dr. Afshin E. Razi on October 24, 2013, and by Dr. Steven Sclafani on December 9, 2013. After Dr. Razi conducted an examination of the plaintiff's spine on October 24, 2013, the plaintiff refused to submit to an orthopedic examination by Dr. Sclafani, contending that the defendants were entitled to only one examination by an orthopedic surgeon. The defendants moved pursuant to CPLR 3124, inter alia, to compel the plaintiff to appear for an examination of his left knee conducted by Dr. Sclafani. In an order dated May 20, 2014, the Supreme Court denied that branch of the defendants' motion which was to compel the plaintiff to appear for an examination of his left knee conducted by Dr. Sclafani, and instead directed the plaintiff to appear for an examination of his left knee conducted by Dr. Razi.

Thereafter, the defendants moved, inter alia, for leave to renew, submitting an affidavit from Dr. Razi in which he stated that he specialized in injuries to the spine, did not examine or treat patients for knee injuries, and did not feel qualified to perform an examination of the plaintiff's left knee and give a medical opinion as to its condition. The Supreme Court, among other things, denied that branch of the defendants' motion which was for leave to renew, and again directed the plaintiff to appear for an examination of his left knee to be conducted by Dr. Razi. The defendants appeal.

The Supreme Court should have granted that branch of the defendants' motion which was for leave to renew. Dr. Razi's affidavit contained new facts which were not known to the defendants at the time of their prior motion, and which would change the prior determination (see CPLR 2221 [e]; *Weisz v Weisz*, 123 AD3d 917, 919 [2014]; *Kreusi v City of New York*, 40 AD3d 820, 822 [2007]; *Duffy v Kokolakis Contr.*, 278 AD2d 445, 446 [2000]).

Upon renewal, the Supreme Court should have granted that branch of the defendants' prior motion which was to compel the plaintiff to appear for an examination of his left knee conducted by Dr. Sclafani. The defendants demonstrated that the information obtained from the examination of the plaintiff by Dr. Razi was inadequate with respect to the plaintiff's left knee, and that Dr. Razi was unqualified to render an evaluation of the plaintiff's left knee (see *Giordano v Wei Xian Zhen*, 103

AD3d 774, 775 [2013]; *Frangella v Sussman*, 254 AD2d 391, 392 [1998]; *Strauss v New York Ethical Culture Socy.*, 210 AD2d 134 [1994]). Furthermore, the plaintiff failed to allege any basis for challenging the defendants' choice of their designated orthopedist, Dr. Scalfani, such as bias by Dr. Scalfani against him or his attorney, or prejudice against him if Dr. Scalfani is allowed to testify at trial (*see Lewis v John*, 87 AD3d 564, 565 [2011]; *Noteboom v Shugrue*, 306 AD2d 453 [2003]; *Miocic v Winters*, 75 AD2d 887 [1980]). Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.