In the Matter of DARIO MAROTTA, Also Known as DARIO S. MAROTTA, Deceased. MICHAEL FEZZA, Appellant; ANTONIO MAROTTA et al., Respondents. [25 NYS3d 892]—In a proceeding pursuant to SCPA 1407 to admit a copy of a lost will to probate, the petitioner appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated October 2, 2014, as denied that branch of his motion which was for leave to renew those branches of his prior motion which were for summary judgment dismissing the objections alleging revocation and admitting a copy of the decedent's will to probate, which were denied in an order of the same court dated January 13, 2014.

Ordered that the order dated October 2, 2014 is affirmed insofar as appealed from, without costs or disbursements.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Green v Canada Dry Bottling Co. of N.Y., L.P.*, 133 AD3d 566 [2015]; *Marashaj v Rubin*, 132 AD3d 641 [2015]; *Fardin v 61st Woodside Assoc.*, 125 AD3d 593, 595 [2015]; *Carlin v Carlin*, 124 AD3d 817, 818 [2015]).

Here, the petitioner failed to set forth a reasonable justification for not submitting the new evidence in support of his prior

motion, or establishing that the new evidence would change the prior determination (*see Fardin v 61st Woodside Assoc.*, 125 AD3d at 595). Accordingly, the Surrogate's Court properly denied that branch of his motion which was for leave to renew. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.