■ JOHN W. LYNN et al., Appellants, v ROBERT J. MCCORMICK, Individually and as President/CEO of Trustco Bank, et al., Respondents. [60 NYS3d 316]—

In an action, inter alia, to recover damages for abuse of process, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Loehr, J.), dated June 2, 2015, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging abuse of process.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging abuse of process. " 'Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective' " (*Greco v Christoffersen*, 70 AD3d 769, 770 [2010], quoting *Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). The mere commencement of a lawsuit cannot serve as the basis for a cause of action alleging abuse of process (*see Curiano v Suozzi*, 63 NY2d at 117; *Greco v Christoffersen*, 70 AD3d at 770). "[T]here must be an unlawful interference with one's person or property under color of process in order that action for abuse of process may lie" (*Williams v Williams*, 23 NY2d 592, 596 [1969]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging abuse of process. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Further, the Supreme Court properly rejected the plaintiffs' contention, pursuant to CPLR 3212 (f), that summary judgment was premature because discovery was not yet complete. The plaintiffs failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the defendants (*see* CPLR 3212 [f]; *Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 770 [2014]; *Boorstein v 1261 48th St. Condominium*, 96 AD3d 703, 704 [2012]). The plaintiffs' mere hope that some evidence might be uncovered during further discovery is insufficient to deny summary judgment (*see Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d at 770; *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]). Dillon, J.P., Austin, Roman and Cohen, JJ., concur.