In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered August 15, 2016, as granted that branch of the defendant’s motion which was for leave to renew its opposition to her prior motion for leave to enter a default judgment on the issue of liability against it upon its failure to appear or answer the complaint and its prior cross motion for leave to serve a late answer, which had been determined in a prior order of the same court entered March 18, 2016, and, upon renewal, vacated the order entered March 18, 2016, and thereupon, denied her motion for leave to enter a default judgment on the issue of liability against the defendant and granted the defendant’s cross motion for leave to serve a late answer.
 

 Ordered that the order entered August 15, 2016, is reversed insofar as appealed from, on the law, with costs, that branch of the defendant’s motion which was for leave to renew its opposition to the plaintiff’s prior motion for leave to enter a default judgment on the issue of liability against the defendant and its prior cross motion for leave to serve a late answer is denied, and the order entered March 18, 2016, is reinstated.
 

 On February 20, 2014, the plaintiff allegedly was injured when she slipped and fell in a building owned by the defendant. On September 30, 2014, the plaintiff commenced this action to recover damages for personal injuries. On August 18, 2015, the plaintiff filed a motion for leave to enter a default judgment on the issue of liability against the defendant upon its failure to appear or answer the complaint. On November 5, 2015, the defendant filed a cross motion for leave to serve a late answer. In support of its cross motion, the defendant submitted an affidavit from its member. By order entered March 18, 2016, the Supreme Court granted the plaintiff’s motion for leave to enter a default judgment and denied the defendant’s cross motion for leave to serve a late answer.
 

 In April 2016, the defendant moved for leave to renew and reargue its opposition to the plaintiff’s prior motion and its prior cross motion. In support of that branch of its motion which was for leave to renew, the defendant submitted an additional affidavit from its member and an affidavit from the superintendent of the building where the plaintiff was injured. By order entered August 15, 2016, the Supreme Court, inter alia, granted that branch of the defendant’s motion which was for leave to renew and, upon renewal, vacated the order entered March 18, 2016, and thereupon, denied the plaintiff’s prior motion for leave to enter a default judgment and granted the defendant’s prior cross motion for leave to serve a late answer. The plaintiff appeals.
 

 In general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e] [3]; Fardin v 61st Woodside Assoc., 125 AD3d 593, 595 [2015]; Matter of O’Gorman v O’Gorman, 122 AD3d 744 [2014]; Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 771 [2014]). A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Fardin v 61st Woodside Assoc., 125 AD3d at 595; Okumus v Living Room Steak House, Inc., 112 AD3d 799, 800 [2013]; Sobin v Tylutki, 59 AD3d 701, 702 [2009]). The Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (see Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116 [2014]; Sobin v Tylutki, 59 AD3d at 702; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437 [2007]). Here, in support of that branch of its motion which was for leave to renew, the defendant submitted additional facts known to it at the time of the prior motion and cross motion without demonstrating a reasonable justification for failing to submit them on the earlier motion and cross motion (see Wells Fargo Bank v Allen, 130 AD3d 717, 718 [2015]; Sobin v Tylutki, 59 AD3d at 702; Renna v Gullo, 19 AD3d 472, 472 [2005]). Thus, renewal should have been denied.
 

 Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.