B & R Mech., Inc. v Oak Ridge Hollow, LLC (2018 NY Slip Op 05129)





B & R Mech., Inc. v Oak Ridge Hollow, LLC


2018 NY Slip Op 05129


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-09717
 (Index No. 36643/12)

[*1]B & R Mechanical, Inc., respondent, 
v
Oak Ridge Hollow, LLC, appellant, et al., defendant.


Jonathan Fisher, New York, NY, for appellant.
Peter Seideman, East Islip, NY (James A. DeFelice of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Oak Ridge Hollow, LLC, appeals from a judgment of the Supreme Court, Suffolk County (Daniel Martin, J.), entered September 26, 2016. The judgment, insofar as appealed from, after an inquest, is in favor of the plaintiff and against that defendant in the total sum of $45,170.91.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff, a subcontractor, commenced this action alleging, inter alia, that it had performed electrical services on the property of the defendant Oak Ridge Hollow, LLC (hereinafter the appellant), for which it had not been paid. The plaintiff moved to strike the appellant's answer for failure to provide discovery, and the motion was granted. After an inquest, the plaintiff was awarded the principal sum of $44,206.79. The appellant subsequently moved for leave to renew pursuant to CPLR 2221(e) with respect to the plaintiff's prior motion to strike the appellant's answer. The Supreme Court denied the appellant's motion and entered a judgment, inter alia, in favor of the plaintiff and against the appellant in the total sum of $45,170.91.
We agree with the Supreme Court's determination denying the appellant's motion for leave to renew. A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][2], [3]; Kio Seob Kim v Malwon, LLC, 155 AD3d 1017). Here, the appellant offered new facts, in the form of testimony of the plaintiff's principal at the inquest, which were unavailable at the time of the prior motion practice (see East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 150 AD3d 683). However, contrary to the appellant's contention, the testimony was insufficient to demonstrate that the appellant had not willfully and contumaciously failed to provide discovery (see generally Gray v Tri-State Consumer Ins. Co., 157 AD3d 938) and, thus, would not have changed the prior determination.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court