Mees v Buiter (2020 NY Slip Op 05201)





Mees v Buiter


2020 NY Slip Op 05201


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-02918
 (Index No. 9579/14)

[*1]Heleen Mees, appellant, 
v
Willem H. Buiter, respondent. Heleen Mees, Brooklyn, NY, appellant pro se.


Katsky Korins LLP, New York, NY (Adrienne B. Koch and Quirk and Bakalor, P.C. [Timothy J. Keane], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), entered February 26, 2018. The order denied the plaintiff's motion for leave to renew her opposition to those branches of the defendant's prior motion which were pursuant to CPLR 3211(a) to dismiss the amended complaint and to dismiss, with prejudice, the second and fourth causes of action in the original complaint, which had been granted in an order of the same court dated June 1, 2016, and for leave to renew her prior motion to vacate a stay of discovery, which had been denied in an order of the same court dated May 1, 2015.
ORDERED that the order is affirmed, with costs.
The underlying facts of this case are set out more fully in Mees v Buiter (___ AD3d ___ [Appellate Division Docket No. 2016-07586; decided herewith]). Following the Supreme Court's granting of those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the amended complaint and to dismiss, with prejudice, the second and fourth causes of action in the original complaint, the plaintiff moved for leave to renew her opposition to that motion, and for leave to renew her prior motion to vacate the automatic stay of discovery imposed by CPLR 3214(b).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion" (Byun Sik Chu v Kerrigan, 154 AD3d 731, 732, citing Ramirez v Khan, 60 AD3d 748, 748), "a motion for leave to renew 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (Fardin v 61st Woodside Assoc., 125 AD3d 593, 595, quoting Coccia v Liotti, 70 AD3d 747, 753).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave for renew her opposition to the defendant's prior motion, inter alia, to dismiss. The plaintiff did not provide a reasonable justification for her failure [*2]to present the additional facts as part of her opposition (see Fardin v 61st Woodside Assoc., 125 AD3d 593).
The Supreme Court further providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew her prior motion to vacate the automatic stay of discovery imposed by CPLR 3214(b). The plaintiff failed to demonstrate that the additional facts would change the court's prior determination on her motion (see CPLR 2221[e][2]; Reilly v Oakwood Hghts. Community Church, 269 AD2d 582).
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court