Mortgage Elec. Registration Sys., Inc. v Congregation Shoneh Halochos (2020 NY Slip Op 07188)





Mortgage Elec. Registration Sys., Inc. v Congregation Shoneh Halochos


2020 NY Slip Op 07188


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-04735
 (Index No. 31813/09)

[*1]Mortgage Electronic Registration System, Inc., etc., et al., appellants, 
v
Congregation Shoneh Halochos, etc., respondent, et al., defendants.


McLaughlin & Stern LLP, Great Neck, NY (Todd Harris Hesekiel and Benjamin S. Kaplan of counsel), for appellants.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated August 30, 2018. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to renew their opposition to those branches of the motion of the defendant Congregation Shoneh Halochos which were pursuant to CPLR 5015(a)(4) to vacate so much of an order and judgment (one paper) of the same court (Ellen M. Spodek, J.) dated April 16, 2011, as granted the plaintiffs' motion for leave to enter a default judgment against the defendant Congregation Shoneh Halochos, and to dismiss the amended complaint insofar asserted against that defendant for lack of personal jurisdiction, which had been granted in an order of the same court (Devin P. Cohen, J.) dated June 23, 2017, and, in effect, upon reargument, adhered to so much of the prior determination in the order dated June 23, 2017, as granted those branches of the motion of Congregation Shoneh Halochos.
ORDERED that the order dated August 30, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action pursuant to RPAPL article 15 to quiet title to certain real property in Brooklyn and for declaratory relief against Congregation Shoneh Halochos (hereinafter the Congregation), which the plaintiffs alleged to be a New York religious corporation, and Ay One Corporation (hereinafter Ay One), which the plaintiffs alleged to be a New Jersey corporation doing business in New York. The plaintiffs subsequently filed an amended complaint adding "John Doe d/b/a Congregation Shoneh Halochos a/k/a Shoneh Halochos" as a party defendant. The affidavits of service in the action characterized the Congregation as a religious corporation and recited that service had been made pursuant to Not-For-Profit Corporation Law § 307 by delivering four copies of the amended complaint to the Secretary of State, and sending copies of the amended complaint by registered mail, return receipt requested, to the last four known addresses of the Congregation. The Congregation never answered the amended complaint. By order and judgment (one paper) dated April 16, 2011, the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against the Congregation and Ay One.
In April 2017, the Congregation moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate its default in appearing or answering the amended complaint and to dismiss the amended complaint insofar as asserted against it, contending that the method of service upon it was improper [*2]because it was a domestic religious corporation. The plaintiffs opposed the motion, asserting that the Congregation was an unauthorized foreign religious corporation and, therefore, was properly served. In an order dated June 23, 2017, the Supreme Court granted those branches of the Congregation's motion which were to vacate its default in answering and to dismiss the amended complaint insofar as asserted against it, vacated the order and judgment dated April 16, 2011, as against both the Congregation and Ay One, and directed dismissal of the amended complaint in its entirety. The plaintiffs then moved for leave to renew and reargue their opposition to the Congregation's motion, submitting additional affidavits of service. In an order dated August 30, 2018, the court denied that branch of the motion which was for leave to renew. The court, in effect, granted leave to reargue, and, upon reargument, vacated so much of the order dated June 23, 2017, as vacated Ay One's default and directed dismissal of the amended complaint insofar as asserted against Ay One, and reinstated the default judgment against Ay One. However, the court, in effect, upon reargument, adhered to the prior determination in the order dated June 23, 2017, granting those branches of Congregation's motion which were to vacate its default and to dismiss the amended complaint insofar as asserted against it. The plaintiffs appeal.
Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Vega v Gambino, 184 AD3d 600; Fardin v 61st Woodside Assoc., 125 AD3d 593, 595). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; see Fardin v 61st Woodside Assoc., 125 AD3d at 595).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew. The plaintiffs failed to demonstrate a reasonable justification for their failure to present the additional affidavits of service at the time the Congregation's motion was made (see Singh v Weisberg, 178 AD3d 873, 874; Abrams v Berelson, 94 AD3d 782, 784; Beyl v Franchini, 37 AD3d 505, 506). In any event, the additional affidavits of service would not have changed the prior determination (see CPLR 2221[e]).
We also agree with the Supreme Court's determination, in effect, upon reargument, to adhere to so much of the prior determination in the order dated June 23, 2017, as granted those branches of the Congregation's motion which were to vacate its default in appearing or answering the amended complaint and to dismiss the amended complaint insofar as asserted against it.
"'It is axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void'" (Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889, quoting McMullen v Arnone, 79 AD2d 496, 499). A defect in service is not cured by the defendant's subsequent receipt of actual notice of the commencement of the action (see Feinstein v Bergner, 48 NY2d 234, 241; Krisilas v Mount Sinai Hosp., 63 AD3d at 889; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344). "When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Roberts v Anka, 45 AD3d 752, 753). "The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see Washington Mut. Bank v Holt, 71 AD3d 670).
While the method of service employed by the plaintiffs in this action to serve process upon the Congregation is authorized for the service of process upon an unauthorized foreign religious corporation (see Religious Corporations Law § 2-b[1][c]; N-PCL 307), the evidence submitted by the Congregation in support of its motion, inter alia, to vacate its default established that the Congregation is a domestic religious corporation. Further, the plaintiffs specifically alleged that the Congregation is a domestic religious corporation. Accordingly, the method of service employed by the plaintiffs failed to acquire personal jurisdiction over the Congregation (see CPLR 311[a][1]; Religious Corporations Law § 2-b[1][c]; Daniel Perla Assoc., L.P. v Cathedral Church [*3]of St. Lucy's, 39 Misc 3d 1205(A), 2013 NY Slip Op 50499[U] [Sup Ct, Kings County]; Schoenthal v Beth Jacob Teachers Seminary of Am., Inc., 176 Misc 2d 958 [Sup Ct, Kings County]).
While CPLR 306-b permits a court, in the exercise of its discretion, to extend the time to serve process upon good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101), the plaintiffs did not move for, or otherwise request, an extension in the Supreme Court (see CPLR 306-b; Bank of N.Y. Mellon v Dyer, 172 AD3d 1293, 1294; DeMartino v Harris, 167 AD3d 568, 569; cf. Pinzon v IKEA N.Y., LLC, 163 AD3d 733, 734). The issue is thus not properly before this Court (see Aronson v City of Mount Vernon, 116 AD2d 613, 613-614).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court