Barreto v City of New York (2021 NY Slip Op 03247)





Barreto v City of New York


2021 NY Slip Op 03247


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Index No. 151586/19 Appeal No. 13882 Case No. 2020-04194 

[*1]Rebeca Barreto, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Respondents, Ahearn Holtzman, Inc., Defendant-Appellant, BTR Innovative Builders Incorporated, Defendant.


Law Office of James J. Toomey, New York (Jason Meneses of counsel), for appellant.
Raphaelson & Levine Law Firm, New York (Jason Krakower of counsel), for Rebeca Barreto, respondent.
James E. Johnson, Corporation Counsel, New York (Kevin Osowski of counsel), for municipal respondents.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about October 9, 2020, which denied the motion of defendant Ahearn Holtzman, Inc. (Ahearn) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The motion was properly denied as premature (CPLR 3212[f]). "[I]n accordance with the statute, this Court has held that a motion for summary judgment should be denied as premature where the movant has yet to be deposed" (Figueroa v City of New York, 126 AD3d 438, 439 [1st Dept 2015], citing 241 Fifth Ave. Hotel, LLC v GSY Corp., 110 AD3d 470, 472 [1st Dept 2013]). Here, plaintiff and the City defendants "met their burden of demonstrating that facts essential to justify opposition to the motion may lie within [Ahearn's] exclusive knowledge or control" (Lyons v New York City Economic Dev. Corp., 182 AD3d 499, 499 [1st Dept 2020]; see also Guzman v City of New York, 171 AD3d 653, 653 [1st Dept 2019]; Reid v City of New York, 168 AD3d 447, 448 [1st Dept 2019]; Dietrich v Grandsire, 83 AD3d 994 [2d Dept 2011]).
We have considered Ahearn's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021