Charles v City of New York (2025 NY Slip Op 05213)

Charles v City of New York

2025 NY Slip Op 05213

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-11063
 (Index No. 51343/23)

[*1]Amelida Charles, plaintiff-respondent, 
v
City of New York, defendant-respondent, Kathleen M. Dugan, appellant, et al., defendant.

Martyn Smith Murray & Yong, Hauppauge, NY (Andrew Ferguson of counsel), for appellant.
David J. Hernandez, Brooklyn, NY, for plaintiff-respondent.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Janet L. Zaleon of counsel), for defendant-respondent (no brief filed).

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Kathleen M. Dugan appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated November 1, 2023. The order denied that defendant's motion, in effect, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Kathleen M. Dugan which was, in effect, for summary judgment dismissing the complaint insofar as asserted against her, and substituting therefor a provision granting that branch of the motion, and (2) by adding thereto a provision stating that the denial of that branch of the motion of the defendant Kathleen M. Dugan which was, in effect, for summary judgment dismissing all cross-claims insofar as asserted against her is without prejudice to renew upon the completion of discovery; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff allegedly was injured when she tripped and fell on a sidewalk abutting certain property located in Brooklyn owned by the defendants Kenneth Dugan and Kathleen M. Dugan (hereinafter together the Dugans). Thereafter, the plaintiff commenced this action against the Dugans and the City of New York to recover damages for personal injuries. The City interposed an answer in which it asserted cross-claims against the Dugans for contribution and indemnification. Prior to the completion of discovery, Kathleen M. Dugan moved, in effect, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against her. In an order dated November 1, 2023, the Supreme Court denied the motion. Kathleen M. Dugan appeals.
'"Section 7-210 of the Administrative Code of the City of New York unambiguously imposes a nondelegable duty on certain real property owners to maintain city sidewalks abutting their land in a reasonably safe condition'" (Spinelli v Huang, 225 AD3d 917, 918, quoting Vasquez v Giandon Realty, LLC, 189 AD3d 1120, 1120). "However, this liability-shifting provision does not [*2]apply to 'one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes'" (Castro v Rodriguez, 176 AD3d 1031, 1032, quoting Administrative Code § 7-210[b]; see Spinelli v Huang, 225 AD3d at 918).
Here, in support of her motion, Kathleen M. Dugan submitted an affidavit in which she attested, inter alia, that she owns the property abutting the sidewalk where the plaintiff fell, that the property is a one-family home, and that she has resided at the property with members of her immediate family since its purchase in 1985. This evidence was sufficient to establish, prima facie, that the property was a one-family, owner-occupied residence when the accident took place, and that Kathleen M. Dugan is therefore entitled to the exemption from liability under Administrative Code § 7-210(b) (see Spinelli v Huang, 225 AD3d at 918; Brown v City of New York, 162 AD3d 731, 733). Moreover, Kathleen M. Dugan's submissions further established, prima facie, that she did not create the defective sidewalk condition that allegedly caused the plaintiff's fall (see Stubenhaus v City of New York, 170 AD3d 1064, 1065).
In opposition, the plaintiff failed to raise a triable issue of fact sufficient to warrant denial of that branch of Kathleen M. Dugan's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against her (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). "'A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated'" (Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 700, 702, quoting Cruz v Fanoush, 214 AD3d 703, 703). "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Cajas-Romero v Ward, 106 AD3d 850, 852; see CPLR 3212[f]; Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770). Contrary to the plaintiff's contention, she failed to establish that further discovery might lead to information relevant to establish Kathleen M. Dugan's liability, or that facts essential to opposing this branch of the motion were exclusively within Kathleen M. Dugan's knowledge and control. "'The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion'" (Branach v Belvedere VIII, LLC, 189 AD3d 1532, 1533, quoting Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518). Accordingly, the Supreme Court should have granted that branch of Kathleen M. Dugan's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against her.
Further, the Supreme Court should have denied that branch of Kathleen M. Dugan's motion which was, in effect, for summary judgment dismissing the City's cross-claims for contribution and indemnification insofar as asserted against her without prejudice to renew upon the completion of discovery. In opposition to Kathleen M. Dugan's prima facie showing of entitlement to summary judgment dismissing those cross-claims insofar as asserted against her, the City established that discovery might lead to relevant evidence regarding, inter alia, the location of the defect that allegedly caused the plaintiff to fall (see Rosenblum v City of New York, 230 AD3d 1175, 1176).
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court