| |
|:---:|
| **Nashtatik v Travelers Indem. Co.** |
| 2026 NY Slip Op 30864(U) |
| March 3, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 511747/2024 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the Supreme Court of the State of New York, Kings County, at the Courthouse located at 360 Adams Street, Brooklyn, New York on the 3rd day of March 2026

P R E S E N T:  HON. ANNE J. SWERN, J.S.C.

==============================================

INNA NASHTATIK,

*Plaintiff(s),*

-against-

TRAVELERS INDEMNITY COMPANY a/k/a TRAVELERS PERSONAL INSURANCE COMPANY and NORTH & STAR INSURANCE,

*Defendant(s).*

==============================================

**DECISION & ORDER**

Index No.:       511747/2024

Motion Seq.:   003

Return Date:   11/6/2025

*Recitation of the following papers as required by CPLR 2219(a):*

|  | NYSCEF Papers Numbered |
|---|---|
| Notice of Motion and Supporting Documents | 32-35 |
| Affirmation in Opposition and Supporting Documents | 37-45 |

*Upon the foregoing papers, the decision and order of the Court is as follows:*

This is an action for a breach of contract.  Plaintiff has now moved for partial summary judgment on the issue of defendant Travelers Indemnity Company a/k/a Travelers Personal Insurance Company's (Travelers) liability for an alleged covered loss under a policy of insurance.  Defendant North & Star Insurance has not taken a position on the motion.  The motion is denied.

The incident that forms the basis of this action occurred on 9/26/2023 during the policy period of 7/25/2023 to 7/25/2024.  In support of the motion, plaintiff submits her affirmation stating that on 9/26/2023, her cooperative apartment #2D located at 1250 Ocean Parkway, Brooklyn, New York was completely covered by water from an unknown source.  She immediately notified Travelers because the insurance policy provides coverage for, "accidental

*511474/2024*
*Page 1 of 5*

discharge or overflow of water or steam within a plumbing, drainage, heating or air conditioning system or from a household appliance."

The Travelers' claims adjuster, Thomas Byrnes, submitted an affirmation in opposition to plaintiff's motion. Byrnes states that he called plaintiff on 9/27/2023 and performed a "virtual inspection" by doing a video walk through of the damage to the Unit. After the inspection, plaintiff informed him that she would first pursue the claim with the building and if they refused to pay the claim, she would seek recovery under the insurance policy. Byrnes states that later that day, plaintiff contacted him and advised that the water originated from a toilet in a unit above her apartment. Further, the building would not be covering the claim and that she should pursue a claim against the unit owner's insurance policy. On 10/4/2023, plaintiff called Byrnes to advise that the building had rescinded its prior position and would likely cover the damage. Plaintiff also advised that her contractor would be inspecting the damage, and she would call Byrnes back by the end of the week. She never contacted Byrnes again and filed this lawsuit on 4/24/2023.

Therefore, defendant was denied the opportunity to conduct an on-site inspection to determine the source of the water and extent of damage to plaintiff's apartment and its contents. Additionally, there are conditions precedent to coverage that if violated, would limit or preclude coverage under the policy considering that plaintiff denied Travelers the opportunity to further investigate the claim.

Based on the foregoing, defendant argues in opposition that discovery is necessary to determine the cause of the water damage. Without discovery on this issue, there are questions of fact whether this water damage is a covered event under the policy and if conditions apply that limit the extent of damages recoverable by plaintiff. In fact, there is no coverage for water "from

an unknown source" as alleged by plaintiff in her complaint and the affirmation submitted in support of the motion. Moreover, plaintiff has not submitted evidence in admissible form to establish that this is a covered event under the policy.

"[S]ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue" (*Rotuba Extruders, Inc. v Ceppos*, 46 NY2d 223, 231 [1978] [internal quotation marks omitted]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact" (*Alvarez v Prospect Park Hosp.*, 68 NY2d 320, 324 [1986]). However, a failure to demonstrate a *prima facie* entitlement to summary judgment motion, requires a denial of the motion regardless of the adequacy of the opposing papers" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital,* 68 NY2d 324).

"Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital*, 68 NY2d 324). An attorney's affirmation submitted in opposition, standing alone, is insufficient to raise a triable issue of fact in opposition to a motion for summary judgment (*Gallo v Jairath,* 122 AD3d 795, 797 [2d Dept 2014]).

When evaluating a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks omitted]). "It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material issues of fact (or point to the lack thereof)" (*Vega*, 18 NY3d 505). It is also not the

[* 3]

function of the Court to accept as true the movant's version of events (see *Xiang Fu He v Troon Management, Inc.,* 34 NY3d 167, 175 [2019] [internal citations omitted]). The motion must also be denied per CPLR 3212 [f] "where facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant…This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Dietrich v Grandsire,* 83 AD3d 994, 994 [2d Dept 2011]).

Here, plaintiff's motion must be denied because she did not submit evidence in admissible form to support the argument that the water emanated from an "accidental discharge or overflow of water or steam within a plumbing, drainage, heating or air conditioning system or from a household appliance," that is covered under the policy or otherwise enumerated in the "Coverages" section of the insurance policy. This argument in the affirmation submitted by plaintiff's attorney is not supported by testimonial or documentary evidence in admissible form. Thus, plaintiff has not sustained her burden of proof (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], *citing Alvarez v Prospect Hospital,* 68 NY2d 324). The mere fact that water leaked into her apartment does not give rise to coverage. Even if plaintiff had established a *prima facie* entitlement to summary judgment, defendant came forward with an affirmation by an individual with personal knowledge of the facts of this claim demonstrating the existence of triable issues of fact (*Giuffrida v Citibank*, 100 NY2d 81), especially without the benefit of discovery (*Dietrich v Grandsire,* 83 AD3d 994). Therefore, at this juncture, the Court cannot determine whether the origin of the water that caused the damage and if it is a covered event under the policy.

The Court has considered plaintiff's remaining arguments and finds same to be without merit.

Accordingly, it is hereby

ORDERED that plaintiff's motion for partial summary judgment on liability is denied

without prejudice and with leave to renew after the completion of discovery and the filing of the

note of issue.

This constitutes the decision and order of the Court.

E N T E R:

**Hon. Anne J. Swern, J.S.C.**
**Dated: 3/3/2026**

For Clerks use only:

MG _____

MD _____

Motion seq. # _____